**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Philip Jeff GLEN, Defendant–**
**Appellant.**

**No. 11–30236.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2012.*

Filed May 18, 2012.

Marcia Kay Hurd, Esquire, Assistant U.S., Leif Johnson, Assistant U.S., USBI–

Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Vernon Edward Woodward, Woodward Law Firm, PLLC, Billings, MT, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Philip Jeff Glen appeals from the 90–month sentence and lifetime term of supervised release imposed following his guilty-plea conviction for distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Glen contends that his below-Guidelines sentence is substantively unreasonable in light of the alleged deficiencies in U.S.S.G. § 2G2.2 and the 18 U.S.C. § 3553(a) sentencing factors. The record reflects that Glen's sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Glen also contends that the lifetime term of supervised release is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the lifetime term of supervised release is not substantively unrea-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sonable. *See United States v. Apodaca,* 641 F.3d 1077, 1082–84 (9th Cir.2011).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.